IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby Thompson, | ) | C. A. No. 2:04-1892-DCN-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Kirkland Correctional | ) | |
| Institution MSU-B-1 Officers, | ) | |
| Warden McKie, Major Latta, | ) | |
| Prison Guard C. Barr; Guard | ) | |
| Simpson; Sgt. M. Shivers; and | ) | |
| Investigator Estes, | ) | |
| | ) | |
| Defendants. | ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by Bobby Thompson, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgement filed on May 5, 2005. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

On June 25, 2004, Thompson sued Warden B. McKie, Warden of Kirkland Correctional Institution (KCI), a facility of the South Carolina Department of Corrections (SCDC), Major Latta, Prison Guard C. Barr, and Officer Simpson, Sgt. M. Shivers, and Investigator Estes, and alleged the defendants subjected him to excessive force on May 23, 2004, in violation of his right to be free of cruel and unusual punishment as guaranteed by the Eighth Amendment.

On May 9, 2005, Thompson was provided a copy of the defendants' motion with affidavits and exhibits and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On May 25, 2005, Thompson filed his opposition to the defendants' motion along with affidavits and exhibits. Hence, it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322.

The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled

3

to judgment in his favor. Id., 477 U.S. at 252. Hence, it appears consideration of the motion is appropriate.

## ADMINISTRATIVE EXHAUSTION

The defendants assert that the action must be dismissed because Thompson's grievance is presently under investigation and therefore he has not exhausted his administrative remedies within the SCDC.

The Prison Litigation Reform Act (PLRA) requires that inmates exhaust all administrative remedies before filing an action challenging prison conditions under federal law. See, 42 U.S.C.A. § 1997e(a) (West 2003). ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). There is no doubt that the PLRA's exhaustion requirement is mandatory. See, Porter v. Nussle, 534 U.S. 516 at 524, 122 S.Ct. 983 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.")

However, in <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, ___ F.3d ___, 2005 WL 1154156 (4th Cir. 2005), the Fourth Circuit held that exhaustion of administrative remedies need not be alleged by the plaintiff in his complaint, but is instead an affirmative defense to be raised and proven by the defendant.

Here, the defendants did not raise failure to comply with the PLRA'S exhaustion requirement as an affirmative defense in their answer filed on December 21, 2004. However, they did argue by brief in support of their motion for summary judgment that they are entitled to dismissal of the action on that basis. Specifically, the affidavit of defendant McKie was relied upon to support the argument. It reads in relevant part:

> 7. I am aware of the situation on May 23, 2004, involving the Plaintiff and security staff in the MSU.
>
> 8. The Plaintiff threw feces on officers Barr and Hopkins while they were serving dinner.
>
> 9. Chemical munitions were used in an attempt to gain compliance from the Plaintiff when he would not stop.
>
> 10. After reviewing the incident reports and medical information, the Plaintiff's injuries were minor and consistent with his aggressive and violent conduct.
>
> 11. It is my understanding that this incident is being reviewed by the Division of Internal Affairs.
>
> 12. This investigation has not been completed.
>
> 13. The Plaintiff filed grievance MSU 0141-04 regarding this incident in MSU on May 23, 2004.

>    14. Because of the pending internal affairs investigation, this grievance is still pending.

(Aff. of McKie).

The affidavit of Larry Estes indicates that he began an investigation into Thompson's allegations but that he retired and the investigation was reassigned to Rudolph Tillman. Estes was reemployed on July 1, 2004, but was not reassigned to the investigation. Estes affied that he is "unaware of the status of the investigation by Rudolph Tillman." Id. The defendants did not make an affidavit of Rudolph Tillman available.

On the other hand, the plaintiff filed the original of his grievance MSU 0141-04. Despite McKie's sworn statement that the plaintiff's grievance is still pending, Inmate Grievance Coordinator, Alvin Graber, Jr., signed grievance MSU 0141-04 and wrote that the action which had been taken in response to Plaintiff's grievance was, "Your grievance has been reviewed. The incident of 5-23-04 has been turned over to Internal Affairs for investigation. Upon completion of their investigation you will be notified of their findings. Therefore, I consider this matter closed."

The defendants' motion to dismiss based upon failure to exhaust administrative remedies should be denied as they did not raise it as an affirmative defense, did not fully and fairly reveal the status of plaintiff's grievance or predict when, if ever, his grievance would be allowed to proceed through the

6

balance of SCDC's grievance procedures, did not reveal what those procedures consist of, and did not explain why the Inmate Grievance Coordinator determined that he considers the matter closed.[2]

## FACTS

The facts for purposes of the defendants' motion, either undisputed or taken in the light most favorable to the plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record are as follows.

On May 23, 2004, a juice container accidentally fell over and spilled out on defendant Barr who was serving food trays. Barr cursed Thompson and sprayed large quantities of gas on him, which caused Thompson great pain. Barr called other defendants in order to place Thompson in a four point restraint chair. At all times Thompson obeyed the officers orders to be restrained without resistance. Thereafter, following the direction of Sgt. Shivers, defendants Barr and Simpson beat Thompson with their fists and kicked him with their boots solely for the purpose of inflicting pain while he was totally incapacitated and compliant, strapped into the restraint chair. The beatings caused Thompson great pain and significant injury to his head and face. Thompson was not allowed to shower to remove the chemical residue from the

---

[2] Based upon the state of the record, it would not be unreasonable to consider the imposition of Rule 11 sanctions upon the defendants or the defendants' counsel.

7

gassing and, further, no member of the medical staff examined him for six hours after he was placed in the chair. The next day medical personnel ordered x-rays of his injured face which x-rays were taken on May 25, 2004.

Thompson's medical records have not been provided by the defendants. Audio and video recordings of the events were made and defendant Estes took photos of the injuries to his face, but those recordings and photographs have not been made part of the record here.

The defendants deny the plaintiff's version of the events and describe Thompson's injuries as minor.

## **DISCUSSION**

Taking the facts in the light most favorable to the non-moving party, the plaintiff, it simply cannot be said that no genuine question of material fact exists as to whether the defendants inflicted cruel and unusual punishment by gassing and beating Thompson, causing him great pain and injuries to his face and head[3] even though he submitted to their authority. When officials stand accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically

---

[3] Pain may be enough to support an excessive force claim. Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998) (describing sliding scale for determining whether injuries are cognizable in §1983 actions.

8

for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). See also, Wilson v. Seiter, 501 U.S. 294, 302 (1991). It is well settled that the limited and appropriate use of chemical munitions to subdue recalcitrant prisoners does not constitute cruel and unusual punishment. Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984). See also, Williams v. Benjamin, 77 F.3d 756 (4th Cir. 1996) and Bailey v. Turner, 736 F.2d 963 (4th Cir. 1984). Here, the evidence in the light most favorable to the non-moving party is that the plaintiff was not recalcitrant. Further, if the plaintiff's version of the restraint chair incident is believed, no reasonable juror could conclude that the beatings were simply a good faith effort to maintain or restore discipline.[4] In light of the conflicting evidence, the court should not resolve these genuine issues of material fact on summary judgment. See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

Nonetheless, it appears that the court should dismiss all claims naming defendants in their official capacities to the extent Thompson seeks damages since state officers sued in their official capacities for damages are not "persons" amenable to

---

[4] Likewise, the state of the record is not such that the defendants are entitled to qualified immunity from suit in their individual capacities. See, Harlow v. Fitzgerald, 457 U.S. 800 (1982).

9

suit under 42 U.S.C. § 1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that claims against the defendants in their official capacities for damages be dismissed, and summary judgment on all other claims be denied.

> Respectfully Submitted,
>
> *Robert S. Carr*
> Robert S. Carr
> United States Magistrate Judge

Charleston, South Carolina

June *13*, 2005

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402