UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bobby Thompson, ) | C/A No. 2:04-1892-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Kirkland Correctional ) | |
| Institution MSU-B-1 Officers, ) | |
| Warden McKie, Major Latta, ) | |
| Prison Guard C. Barr; Guard ) | |
| Simpson; Sgt. M. Shivers; and ) | |
| Investigator Estes, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined at Kirkland Correctional Institution. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants subjected him to excessive force during an incident occurring in the prison on May 23, 2004.

This matter is before the Court on defendants' motion for summary judgment, which was filed May 5, 2005. By order filed May 9, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff responded to the motion for summary judgment on May 25, 2005.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court for review of the Report and Recommendation of United States Magistrate Robert S. Carr filed June 13, 2005. The Magistrate Judge makes only a recommendation to the Court, to

1

which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Based on his review of the record, the Magistrate Judge recommended that the claims against the defendants in their official capacities for damages be dismissed but that the defendants' summary judgment motion on all other claims should be denied. Defendants filed objections to the Report on July 8, 2005. In their objections, the defendants abandon the argument made in their Memorandum in Support of Motion for Summary Judgment that plaintiff has not exhausted his administrative remedies. However, they argue that plaintiff failed to allege that he suffered more than a *de minimis* injury and that, therefore, no constitutional deprivation has occurred. They also assert that the doctrine of qualified immunity protects the defendants from individual liability.

### **Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

**Facts**

Taken in the light most favorable to the plaintiff, the Complaint and Amended Complaint appear to allege that on May 23, 2004 defendant Barr, a prison guard, spit into plaintiff's food, resulting in a verbal altercation. Plaintiff was then put into a four-point chair and was sprayed with a chemical. He was also allegedly beaten by defendant prison guards in the face with fists and boots. He was not allowed to shower or be examined by a nurse until about five hours later. He alleges that defendants took photographs of the injuries to his face and that x-rays were taken on May 26, 2004. He also alleges

3

that defendants made a video tape of the incident. Plaintiff alleges that defendants have not complied with his requests to produce the photographs, video tapes, and x-rays in this lawsuit.

Defendants' version of the facts is quite different. They allege that plaintiff threw feces on the guards while they were serving dinner. They contend that chemical munitions were used to bring plaintiff under control and that his injuries were minor. They also contend that plaintiff refused to be constrained, so the force cell movement team was activated and that the least amount of force was used to secure plaintiff. The nurse employed by the Department of Corrections averred in his Affidavit that he examined plaintiff on May 23, 2004 and found "minor redness and swelling to the right side of his face." (Affidavit of Brent Mills, paragraph 11.) The nurse further stated that, when an inmate is sprayed with chemicals, there is no policy allowing a shower but that all cells have access to water.

## Qualified Immunity

Defendants contend that they are entitled to qualified immunity for the claims brought against them in their individual capacities. Thus, defendants argue that they have in no way knowingly violated any of the plaintiff's constitutional rights and are entitled to qualified immunity pursuant to *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Immunity is a defense to be asserted by the defendant and the burden of proving entitlement to immunity rests with the defendant asserting it. *Gomez v. Toldeo*, 446 U.S. 635, 640-41 (1980); *Tanner v. Hardy*, 764 F.2d 1024, 1027 (4th Cir. 1985). Once asserted, however, the court should carefully consider whether the person is entitled to either absolute immunity (judicial and quasi-judicial, legislative) or qualified immunity. *Harlow*, 457 U.S. at 807. Once raised, immunity is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the defendant is entitled to dismissal or summary judgment. *Siegert v. Gilley*, 500 U.S. 226, 331 (1991). For that reason, the

4

issue of immunity should be addressed before discovery is allowed. *Id*.

The Supreme Court in *Harlow* established the standard which the court is to follow in determining whether defendant is protected by qualified immunity: "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. The issue of the amount of force which may be appropriate in a given case is a fact-intensive inquiry. *See, e.g., Bailey v. Turner*, 736 F.2d 963 (4th Cir. 1980).

This Court agrees with the Magistrate Judge's recommendation that summary judgment should be granted to the defendants for actions taken in their official capacities. However, the Court finds that a ruling granting summary judgment in favor of the defendants individually on the basis of qualified immunity would be premature on the record in its current posture. The case is re-committed to the Magistrate Judge as ordered below. After the additional records are produced by the defendants, then the Magistrate Judge is ordered to re-address the issue of whether the defendants are protected individually by the doctrine of qualified immunity.

### **Cruel and Unusual Punishment**

Plaintiff argues that defendants violated his constitutional rights by the use of excessive force during the incident described above. The test for violation of the Eighth Amendment has both subjective and objective components. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Factors for the court to consider are the extent of injury inflicted, the

need to use force, the relationship between the need and amount of force used, the threat "reasonably perceived by the responsible officials," and "any efforts made to temper the severity of a forceful response." *Id.* "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* use of physical force." *Id.* at 9.

The Fourth Circuit held in *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (*en banc*), that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." The Court of Appeals considers that extraordinary circumstances are present when "the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than *de minimis* injury." *Id.* at 1263, n.4.

The Fourth Circuit extended *Norman*'s holding to pretrial detainees in *Riley v. Dorton*, 115 F.3d 1159, 1167 (4th Cir. 1997) (*en banc*), *cert denied*, 522 U.S. 1030 (1997), holding:

> [p]unishment must mean something more than trifling injury or negligible force. Otherwise, every touch would be actionable and every alleged 'push or shove' would entitle plaintiff to a trial. This is no idle concern. Those in detention often detest those charged with supervising their confinement, and seek to even the score through the medium of a lawsuit. The Constitution, however, does not exist to scoop up every last speck of detainee discontent. To hold that every incident involving contact between an officer and a detainee creates a constitutional action, even in the absence of injury, trivializes the nation's fundamental document . . . An injury need not be severe or permanent to be actionable under the Eighth Amendment, but it must be more than *de minimis*.

In *Riley*, a detective allegedly slapped a pretrial detainee causing a scrape to his face. In addition, the detective placed a ball point pen up the detainee's nose and threatened to rip it open. Nevertheless, the Fourth Circuit held that the actions of the detective, while perhaps inappropriate, were not constitutionally violative.

For an inmate to prove an Eighth Amendment excessive force claim, he must satisfy not only a subjective component that officers acted with a culpable state of mind, but also an objective component that his alleged injuries were sufficiently serious. *Stanley v. Hejirika*, 134 F.3d 629 (4th Cir. 1998). In *Stanley*, after reviewing the videotape and records itself, the Court of Appeals reversed the District Court's finding of excessive force and found that although the videotape of the incident showed officers treated the inmate roughly, it did not demonstrate use of wanton sadism, and officers had objectively reasonable grounds to believe force was necessary.

This Court has questions in the case at bar concerning whether more than a *de minimis* injury occurred. Based upon the allegations of the plaintiff, the defendants have records in their possession which could tend to prove that the plaintiff's injuries were more than *de minimis*. The case is re-committed to the Magistrate Judge for production by the defendants to the Magistrate Judge within 30 days of the date of this Order of any videotapes, photographs, and medical records pertaining to this incident. Failure of the defendants to provide this information in a timely manner to the Magistrate Judge will be deemed a waiver of further consideration of the *de minimis* issue and qualified immunity for summary judgment purposes. After review of the additional records, this Court directs that the Magistrate Judge issue a subsequent Report and Recommendation to this Court.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court **ADOPTS IN PART** the Report and Recommendation of the Magistrate Judge insofar as it grants summary judgment to the defendants in their official capacities. For the reasons stated in the Report and Recommendation and herein, the defendants are hereby **GRANTED** summary judgment in their official capacities. Likewise, for the reasons stated herein, this Court **RECOMMITS** the case to the Magistrate Judge and **ORDERS** the defendants to produce for review by the Magistrate Judge any and

all video-tape(s) and photographs of the incident as well as any and all medical records of the plaintiff resulting from the incident.

**THIS COURT FURTHER ORDERS THAT THE FAILURE OF THE DEFENDANTS TO PRODUCE THE INFORMATION ITEMIZED HEREIN TO THE MAGISTRATE JUDGE WITHIN THIRTY DAYS OF THE DATE OF THIS ORDER SHALL BE DEEMED A WAIVER OF FURTHER CONSIDERATION OF THE DE MINIMIS ISSUE OR QUALIFIED IMMUNITY FOR SUMMARY JUDGMENT PURPOSES, AND WILL RESULT IN THE ADOPTION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING SUMMARY JUDGMENT.**

This Court further **ORDERS** that, after review by the Magistrate Judge of the produced records, a new Report and Recommendation shall be issued addressing the defendants' motion for summary judgment. In the event the defendants fail to present this additional information, upon notification by the Magistrate Judge by way of a subsequent Report and Recommendation, this Court will adopt the Magistrate Judge's Report and Recommendation denying summary judgment and, further, the defendants and their counsel shall be required to provide the discovery information requested at the trial of the case.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

January 12, 2006
Florence, SC