RECEIVED
USDC CLERK, CHARLESTON, SC
2006 JUN 20 P 2:21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Bobby Thompson,

Plaintiff,

-versus-

Kirkland Correctional Institution MSU-B-1 Officers, Warden McKie, Major Latta, Prison Guard C. Barr; Guard Simpson; Sgt. M. Shivers, and Investigator Estes,

Defendants.

C. A. No. 2:04-1892-RBH-RSC

**REPORT AND RECOMMENDATION**

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by Bobby Thompson, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a supplemental report and recommendation on the defendants' motion for summary judgement filed on May 5, 2005. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983.

On June 25, 2004, Thompson sued Warden B. McKie, Warden of Kirkland Correctional Institution (KCI), a facility of the South Carolina Department of Corrections (SCDC), Major Latta, Prison Guard C. Barr, Officer Simpson, Sgt. M. Shivers, and Investigator Estes, and alleged the defendants subjected him to excessive force on May 23, 2004, in violation of his right to be free of cruel and unusual punishment as guaranteed by the Eighth Amendment.

On May 9, 2005, Thompson was provided a copy of the defendants' motion with affidavits and exhibits and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On May 25, 2005, Thompson filed his opposition to the defendants' motion.

Pursuant to court order, the defendants next filed a copy of plaintiff's medical records relevant to the incident alleged in plaintiff's complaint, a copy of the force cell team videotape, and a copy of the Polaroid photograph of plaintiff dated May 27, 2004. The defendants also filed the affidavit of J. Glenn Alewine, M.D., describing and interpreting plaintiff's medical records related to the allegations of his complaint. The plaintiff responded on March 13, 2006. Hence, it appears consideration of the motion is appropriate.

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v.

Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252. Hence, it appears consideration of the motion is appropriate.

**ADMINISTRATIVE EXHAUSTION**

The defendants withdrew their affirmative defense that the action must be dismissed because plaintiff had not exhausted his administrative remedies within the SCDC.

**FACTS**

Taken in the light most favorable to the plaintiff, the Complaint and Amended Complaint appear to allege that on May 23, 2004, defendant Barr, a prison guard, spit into plaintiff's food, resulting in a verbal altercation. Plaintiff was then put into a four-point chair and was sprayed with a chemical. He was also beaten by defendant prison guards in the face with fists and boots. He was not allowed to shower or be examined by a nurse until approximately five hours later.

Defendants' version of the facts is quite different. They allege that plaintiff threw feces on the guards while they were serving dinner. They contend that chemical munitions were used to bring plaintiff under control and that his injuries were minor. They also contend that plaintiff refused to be constrained, so the force cell movement team was activated and that the least amount of force was used to secure plaintiff. The nurse employed by the Department of Corrections averred in his affidavit that he examined plaintiff on May 23, 2004, and found "minor redness and swelling to the right side of his face." (Aff. of Brent Mills, paragraph 11). The nurse further noted that, while there is no prison policy that when an inmate is sprayed with chemicals he be allowed a shower, all cells have access to water.

A review of the videotape of the forced cell movement reveals no depiction of plaintiff being struck by any person during the forced cell movement and restraint chair incident. The tape also shows that nurse Mills entered the cell to examine the plaintiff after he was placed in the restraint chair. The nurse examined the plaintiff and noted that he had some swelling to his right eye but no discharge or redness in his eye. A close up view of the plaintiff's face showed no obvious injury or bleeding. The tape showed that plaintiff was removed from the restraint chair and escorted to a cell. Plaintiff was placed

into the cell without incident; he removed his clothing and was provided with a blanket and towel. Plaintiff asked to see a nurse just prior to the conclusion of the tape. There is no depiction of any force being applied to plaintiff; plaintiff never complained about an alleged beating, and plaintiff never asked to take a shower.

The defendants also filed the sworn affidavit of Dr. J. Glenn Alewine who reviewed plaintiff's medical records and the allegations made by Plaintiff. Dr. Alewine notes that Plaintiff was seen on May 23, 2004, by R.N. Brent Mills for examination subsequent to cell extraction, at which time, nurse Mills noted that plaintiff was complaining of chest and eye pain. Nurse Mills noted that plaintiff had "swelling to right side of face secondary to being gassed. [Right eye] appears normal, no tearing or redness. I/M breathing normally. Responds to verbal questioning. Remains angry and hostile. Restraints to limbs not overly restrictive. Inmate in [no apparent distress]." (Aff. of Dr. Alewine). Plaintiff was next seen by medical on May 24, 2004, at 7:14 a.m. when nurse Mitchell noted that plaintiff "was observed pacing back and forth in cell laughing out loud. When asked if he needed to see the nurse and to take his meds he looked at nurse and continued to laugh and pace." Id. Plaintiff was next seen by medical on May 25, 2004, at which time he stated that he had fallen while showering and had hit his face.

Plaintiff's face was subsequently x-rayed on May 26, 2004, which x-ray showed no fracture.

Dr. Alewine affied that, in his professional medical opinion, there is no indication plaintiff was beaten or kicked as plaintiff alleged and that plaintiff did not suffer any serious injury or long-term effects from the cell extraction.

Finally, the Polaroid photograph of plaintiff taken by defendant Estes on May 27, 2004, depicts, at most, that plaintiff had some minor darkening around his right eye four days after the time of the events alleged.

**QUALIFIED IMMUNITY**

Defendants contend that they are entitled to qualified immunity for the claims brought against them in their individual capacities because they have not knowingly violated any of the plaintiff's constitutional rights. Anderson v. Creighton, 483 U.S. 635, 639 (1987) and Harlow v. Fitzgerald, 457 U.S. 800 (1982). Immunity is a defense to be asserted by the defendant and the burden of proving entitlement to immunity rests with the defendant asserting it. Gomez v. Toldeo, 446 U.S. 635, 640-41 (1980); Tanner v. Hardy, 764 F.2d 1024, 1027 (4th Cir. 1985). Once raised, immunity is a threshold issue, which should be addressed early in the action because, if it can be shown to be a valid defense, the defendant is entitled to dismissal or summary judgment. Siegert v. Gilley, 500 U.S. 226, 331 (1991).

The Supreme Court in Harlow established the standard which the court is to follow in determining whether defendant is protected by qualified immunity: "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. The issue of the amount of force which may be appropriate in a given case is a fact-intensive inquiry. See, e.g., Bailey v. Turner, 736 F.2d 963 (4th Cir. 1980).

**CRUEL AND UNUSUAL PUNISHMENT**

Plaintiff argues that defendants subjected him to cruel and unusual punishment by the use of excessive force during the incident described above. The test for violation of the Eighth Amendment has both subjective and objective components. Wilson v. Seiter, 501 U.S. 294, 302 (1991). The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes

from constitutional recognition de minimis use of physical force." Id. at 9.

The Fourth Circuit held in Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc), that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." The Court of Appeals considers that extraordinary circumstances are present when "the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than de minimis injury." Id. at 1263, n.4.

The Fourth Circuit extended Norman's holding to pretrial detainees in Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997) (*en banc*), *cert denied*, 522 U.S. 1030 (1997), holding:

> [p]unishment must mean something more than trifling injury or negligible force. Otherwise, every touch would be actionable and every alleged 'push or shove' would entitle plaintiff to a trial. This is no idle concern. Those in detention often detest those charged with supervising their confinement, and seek to even the score through the medium of a lawsuit. The Constitution, however, does not exist to scoop up every last speck of detainee discontent. To hold that every incident involving contact between an officer and a detainee creates a constitutional action, even in the absence of injury, trivializes the nation's fundamental document . . . An injury need not be severe or permanent to be actionable under the Eighth Amendment, but it must be more than de minimis.

In Riley, a detective allegedly slapped a pretrial detainee causing a scrape to his face. In addition, the detective placed a ball point pen up the detainee's nose and threatened to rip it open. Nevertheless, the Fourth Circuit held that the actions of the detective, while perhaps inappropriate, were not constitutionally violative. See, Gavin v. Ammons, 21 F.3d 430, 1994 WL 117983 (7th Cir. April 6, 1994)[Table](guard's pulling of inmate's hair was de minimis force); Calabria v. Dubois, 23 F.3d 394, 1994 WL 209938 (1st Cir. May 24, 1994) [Table](radio belt thrown at face of inmate causing blood to appear was de minimis force); White v. Holmes, 21 F.3d 277, 280-81 (8th Cir.1994)(keys swung at inmate which slashed his ear was de minimis force); Jackson v. Pitcher, 966 F.2d 1452, 1992 WL 133041 (6th Cir. June 16, 1992)[Table](guard's stomp on the hand of inmate was de minimis force), *cert. denied*, 506 U.S. 1024, 113 S.Ct. 665 (1992); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985)(corrections officer's pushing a cubicle wall so as to strike plaintiff's legs, brusque order to inmate and poking inmate in the back was de minimis force); see also, Roberts v. Samardvich, 909 F.Supp. 594 (N.D.Ind.1995)(grabbing inmate, pushing him up the stairs toward his cell, and placing him in cell cuffed, shackled, and secured to the door was de minimis force under the circumstances); McMiller v. Wolf, 1995 WL 529620 (W.D.N.Y. August 28, 1995)(snatching inmate's mirror, breaking it

against cell bars and thereby lacerating inmate's finger was de minimis force); Crow v. Leach, 1995 WL 456357 (N.D.Cal. July 28, 1995)(corrections officer's pushing inmate into chair causing his shoulder to break window behind him was de minimis force; Jackson v. Hurley, 1993 WL 515688 (N.D.Cal. November 23, 1993)(blow to back of neck with forearm and kick to the ankle of inmate were de minimis force); DeArmas v. Jaycox, 1993 WL 37501 (S.D.N.Y. February 8, 1993), *aff'd*, 14 F.3d 591 (2d Cir. 1993)(corrections officer's punching inmate in arm and kicking inmate in leg was de minimis force); Olson v. Coleman, 804 F.Supp. 148, 150 (D.Kan. 1992)(single blow to head of handcuffed inmate was de minimis force); Candelaria v. Couglin, 787 F.Supp. 368, 374-75 (S.D.N.Y. 1992)(fist pushed against neck of inmate causing him to lose his breath was de minimis force), *aff'd*, 979 F.2d 845 (2d Cir. 1992); Neal v. Miller, 778 F.Supp. 378, 384 (W.D.Mich. 1991)(backhand blow with fist to the groin of inmate was de minimis force); Ramos v. Hicks, 1988 WL 80176 (S.D.N.Y. July 25, 1988)("bent wrist comealong hold" or single punch not unreasonable or excessive); Anderson v. Sullivan, 702 F.Supp. 424, 426 (S.D.N.Y. 1988)(corrections officer's pulling inmate's arms behind back, lifting them up and forcing inmate's face into cell bars was de minimis force).

**DISCUSSION**

A review of the record and relevant case law reveals that the defendants are entitled to qualified immunity from suit in their individual capacities, and that no Eighth Amendment violation occurred.

Having viewed the videotape and photograph and reviewed all the rest of the evidence in the instant case, the court finds no evidence from which a jury could conclude that a defendant violated plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. The defendants' affidavits, videotape of the forced cell movement and the restraint chair incident, the plaintiff's medical records, and Dr. Alewine's affidavit and uncontradicted expert opinion, consistently shows that any force used against plaintiff produced no more than de minimis injury. On the other hand, there is no evidence, other than the plaintiff's own unsupported conclusory statements, that he suffered any greater than a de minimis injury.

The lack of any serious injury compels the conclusion as a matter of law that the plaintiff suffered no constitutional deprivation at the hands of the defendants. See, Taylor, 155 F.3d at 484 ("temporary swelling and irritation is precisely the type of injury this Court considers de minimis."); Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998) ("bruising of his

right arm, left jaw, left and right wrists and back, and a tooth which was loosened" constituted de minimis injury).

Based upon the foregoing, the plaintiff has failed to show a genuine issue of material fact with regard to "whether the force applied was 'in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Hudson, at 7. Plaintiff's Eighth Amendment rights were not violated.

Additionally, where, as here, no constitutionally excessive force was applied, the defendants are entitled to qualified immunity under Harlow.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the remaining claims against the defendants in their individual capacities be dismissed, and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

June 20, 2006

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**