UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bobby Thompson, | ) | C/A No. 2:04-1892-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Kirkland Correctional | ) | |
| Institution MSU-B-1 Officers, | ) | |
| Warden McKie, Major Latta, | ) | |
| Prison Guard C. Barr; Guard | ) | |
| Simpson; Sgt. M. Shivers; and | ) | |
| Investigator Estes, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") currently

confined at McCormick Correctional Institution.  Plaintiff, proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983 alleging that the defendants subjected him to excessive force during an

incident occurring in the prison on May 23, 2004.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter

was referred to United States Magistrate Robert S. Carr for pre-trial handling.  On May 5, 2005,

defendants filed a motion for summary judgment.  By Order filed May 9, 2005, pursuant to *Roseboro*

*v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure

and the possible consequences if he failed to respond adequately.  Plaintiff responded to the motion for

summary judgment on May 25, 2005.  On June 13, 2005, the Magistrate Judge filed a Report and

Recommendation which recommended that defendants' motion for summary judgment be granted in

part and denied in part.  By Order dated January 12, 2006, this Court adopted the portion of the Report

1

and Recommendation which recommended granting summary judgment to the defendants in their official capacities. However, the case was recommitted to the Magistrate Judge, and this Court ordered the defendants to produce for review by the Magistrate Judge "any and all video-tape(s) and photographs of the incident as well as any and all medical records of the plaintiff resulting from the incident."

The Magistrate Judge issued a supplemental order on January 23, 2006 which ordered the defendants to produce, in addition to the videotapes and photographs required to be produced by this Court, a log of videotapes indicating what portions are relevant to this case; a narrative explaining each photo and its relevance; and an affidavit from a licensed medical doctor designating which portions of the medical records are relevant to the issues herein. Magistrate Judge Carr issued a second Report and Recommendation on June 20, 2006, after review of the evidence produced by the defendants, in which he recommends that the motion by the defendants for summary judgment be granted. The plaintiff filed "objections" on July 6, 2006.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). While the level of scrutiny entailed by the Court's review of the Report depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in

2

the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).  Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. *See* 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).  Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1] Plaintiff's filing is simply an effort to rehash the allegations of his complaint.

Nevertheless, the court keeps in mind that this is a pro se litigant and is entitled to some deference.  Therefore, out of an abundance of caution, the court has conducted a *de novo* review of the Report and Recommendation and has made an effort to glean the parts of the Report to which the plaintiff objects.

---

[1]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

3

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence.  The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

**Facts**

Taken in the light most favorable to him, the plaintiff appears to allege that on May 23, 2004, Defendant Barr, a prison guard, spit into plaintiff's food, resulting in a verbal altercation.  Plaintiff

4

states that he was put into a four-point chair and was sprayed with a chemical. He was also allegedly hit by defendant prison guards in the face with fists and boots. He states that he was not allowed to shower or be examined by a nurse until about five hours later.

Defendants' version of the facts is that plaintiff threw feces on the guards while they were serving dinner. They contend that chemical munitions were used to bring the plaintiff under control and that his injuries were minor. They also contend that the plaintiff refused to be restrained, so the Force Cell Movement team was activated and that the least amount of force was used to secure plaintiff. The nurse employed by the Department of Corrections averred in his Affidavit that he examined the plaintiff on May 23, 2004, and found "minor redness and swelling to the right side of his face." (Affidavit of Brent Mills, paragraph 11.) The nurse further stated that, when an inmate is sprayed with chemicals, there is no policy allowing a shower but that all cells have access to water.

### Cruel and Unusual Punishment

Plaintiff argues that defendants violated his Eighth Amendment rights by the use of excessive force during the incident described above.

The Fourth Circuit held in *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (*en banc*), that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." The Court of Appeals considers that extraordinary circumstances are present when "the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than *de minimis* injury." *Id.* at 1263, n.4. *See also*, *Williams v. Benjamin*, 77 F.3d 756 (4th Cir. 1996).

The Fourth Circuit extended *Norman*'s holding to pretrial detainees in *Riley v. Dorton*, 115 F.3d 1159, 1167 (4th Cir. 1997) (*en banc*), *cert denied*, 522 U.S. 1030 (1997), holding:

5

[p]unishment must mean something more than trifling injury or negligible force. Otherwise, every touch would be actionable and every alleged 'push or shove' would entitle plaintiff to a trial. This is no idle concern. Those in detention often detest those charged with supervising their confinement, and seek to even the score through the medium of a lawsuit. The Constitution, however, does not exist to scoop up every last speck of detainee discontent. To hold that every incident involving contact between an officer and a detainee creates a constitutional action, even in the absence of injury, trivializes the nation's fundamental document . . . An injury need not be severe or permanent to be actionable under the Eighth Amendment, but it must be more than *de minimis*.

In *Riley*, a detective allegedly slapped a pretrial detainee causing a scrape to his face. In addition, the detective placed a ball point pen up the detainee's nose and threatened to rip it open. Nevertheless, the Fourth Circuit held that the actions of the detective, while perhaps inappropriate, were not constitutionally violative.

In the case at bar, the same must be said. While the plaintiff alleges that he was hit in the face with fists and boots and was subjected to chemical munitions, the Court finds that any injuries received by plaintiff are *de minimis*. As stated by the Magistrate Judge, "a review of the videotape of the forced cell movement reveals no depiction of plaintiff being struck by any person during the forced cell movement and restraint chair incident. . . There is no depiction of any force being applied to plaintiff; plaintiff never complained about an alleged beating, and plaintiff never asked to take a shower." (Report, page 6).

This court finds that the plaintiff has not adduced evidence, other than his own conclusory statements, which would create a question of fact on his §1983 excessive force claim.[2]

---

[2] "Officials are entitled to use appropriate force to quell prison disturbances. Because officials must act 'in haste, under pressure, and frequently without the luxury of a second chance,' deliberate indifference is not a sufficiently rigorous standard. . . Rather, in these circumstances, in order to make out an Eighth Amendment claim, a prisoner must demonstrate that officials applied force 'maliciously and sadistically for the very purpose of causing harm." *Williams v. Benjamin*, 77 F.3d at 761 (internal citations omitted).

6

## Qualified Immunity

Defendants contend that they are entitled to qualified immunity for the claims brought against them in their individual capacities. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) established the standard which the court is to follow in determining whether defendant is protected by qualified immunity: "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). State government officials performing discretionary functions enjoy qualified immunity from liability for civil damages unless: (1) the officer's conduct violated a federal statutory or constitutional right; and (2) the right was clearly established at the time of the conduct, such that (3) an objectively reasonable officer would have understood that the conduct violated that right. *Knussman v. Maryland*, 272 F.2d 625, 633 (4th Cir. 2001).

When a defendant asserts qualified immunity, two questions must be considered. First, "whether a constitutional right would have been violated on the facts alleged" by the plaintiff. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). If this question is answered in the affirmative, then the second question is whether the right asserted was clearly established at the time of the alleged violation. *Id*. In answering this latter question, the relevant inquiry is whether "it would be clear to an objectively reasonable officer that his conduct violated [the] right." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). The issue of the amount of force which may be appropriate in a given case is a fact-intensive inquiry. *See, e.g., Bailey v. Turner*, 736 F.2d 963 (4th Cir. 1980) (holding that the use of mace to subdue inmates is not *per se* unconstitutional so as to preclude the qualified immunity defense.)

7

This Court takes note of the recent Fourth Circuit case of *Willingham v. Crooke*, 412 F.3d 553, 558-559 (4th Cir. 2005), where the Court stated:

> Ordinarily, the question of qualified immunity should be decided at the summary judgment stage. *See Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003); *Saucier*, 533 U.S. at 200 ("Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation." (internal quotation marks omitted)).

*Id.*

The Court finds that the plaintiff has failed to allege injuries which rise to the level of a constitutional violation. Therefore, the defendants are shielded from individual liability under the doctrine of qualified immunity.

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The Court adopts the Report and Recommendation. The Report is incorporated herein. Accordingly, defendants' motion for summary judgment is **GRANTED**.

After the second Report was entered, the plaintiff filed a "Motion for Leave to File an Amended Complaint" in which he requests leave of Court to name two other prison guards as parties to the lawsuit. This motion is **DENIED** as being untimely, and unnecessary in light of the Court's finding that any injuries which the plaintiff received in the incident at bar were *de minimis*. In addition, the names of the officers which the plaintiff wishes to add as parties are listed on the May 23, 2004 incident report, and the plaintiff has made no showing that he was not provided with the report at the time.

Finally, the plaintiff has filed document #58, Motion to Request the Defendants' Defense be Dismissed due to Gross Misconduct and Misleading and Deceptive Behavior. In this document, the plaintiff points to what he contends are inconsistencies between the affidavits filed by nurse Mills. The Court has reviewed the plaintiffs' allegations and concludes that the affidavits are not materially

8

inconsistent and that the motion should be **DENIED**.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 21, 2007
Florence, South Carolina

9